Sheehan & Associates, P.C.
Spencer Sheehan
spencer@spencersheehan.com
(516) 303-0552

United States District Court
Eastern District of New York                          1:19-cv-02584

| |
|---|
| Danielle Louis, Jane Doe, individually and on behalf of all others similarly situated |
| Plaintiffs |
| - against - |
| Nature's Path Foods USA Inc. |
| Defendant |

Complaint

  Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

  1. Nature's Path Foods USA Inc. ("defendant") manufactures, processes, distributes, markets, labels and sells toaster pastries to consumers from third-party retailers, including brick-and-mortar stores and online, and directly from defendant's website.

  2. A toaster pastry can be described as two bland thin rectangles, usually made from wheat, which contain frosting on top and viscous fillings like "fruit preserves or other ingredients such as chocolate or cinnamon."[1]

  3. Defendant's Frosted Wildberry Acai Toaster Pastry (the "Products") contains a dark red thick filling, purportedly comprised of wild berries – and more specifically, acai berries.

  4. The front label states the Product name, "Frosted Wildberry Acai Toaster Pastries,"

---

[1] https://en.wikipedia.org/wiki/Toaster_pastry

"Always Organic," "Made with Real Fruit" and "No Artificial Flavors or Synthetic Colors."

5.      The back panel states, "Real Organic Goodness," "Real Organic Berries," and describes the Products:

> Our organic toaster pastries are always made with real fruit, Fairtrade ingredients and no artificial flavors. The warm, fruit-filled center is baked into a golden pastry for a tasty treat straight out of the toaster.

<u>Front Label</u>                                    <u>Back Panel</u>



6.      The Product name, "Wildberry Acai" indicates that of the wild berries depicted on the label – blueberries, strawberries, raspberries and acai berries – acai berries will be present in an amount greater than the other fruit (wild berry) components as part of the filling.

7.      Consumers are induced to purchase the Products because acai berries are considered a good source of antioxidants, and are associated with improving cognitive and bodily health.

8.      Consumers value its unique taste, described as "a rich blackberry or raspberry and a piece of dark chocolate. Most say the chocolate flavor is more of an aftertaste that hits after

chewing the berry for a few seconds."[2]

9.     Due to the amount of labor needed to produce a bottle of pure acai juice, its price is typically between $30-$40, depending on quality, and it is imported, mainly from Brazil.

10.     The manual labor and expense of the Product, and how consumers understand it, allow products promoting acai berries to be sold higher than similar products without them.

11.     The acai berry is "a small, round, black-purple drupe about 25 mm (1 in) in circumference, similar in appearance to a grape, but smaller and with less pulp and produced in branched panicles of 500 to 900 fruits."[3]

|          Acai Berries          |          Front Label          |          Back Panel          |



12.     The front label contains five fresh berries – one strawberry, one raspberry, one blueberry and two acai berries.

13.     The back label contains six fresh berries: three acai berries, one strawberry, one raspberry and one blueberry.

14.     Of the eleven (11) berries depicted, there are five acai berries (45%), two strawberries, two blueberries and two raspberries.

---

[2] https://vegetarian.lovetoknow.com/What_Does_the_Acai_Berry_Taste_Like
[3] https://en.wikipedia.org/wiki/A%C3%A7a%C3%AD_palm#Fruit

3

15.     The use of the term "acai" in the Product name and the numerical superiority of acai berries depicted relative to the other berries cause a reasonable consumer to expect the Products contain  more acai berries than other identified and named fruit ingredients.

16.     Reasonable consumers expect that in a toaster pastry touting the presence of acai berries, the fruit inclusion portion will (1) be appropriate to the product type, (2) contain acai berries in the same form as the other berries promoted on the Products and (3) be present in a meaningful amount.

17.     Based on the nutrition facts and/or ingredient list, which identify acai as contained in a different form than the other fruit components and an amount less than all  other fruit components and greater than only three ingredients, the Products are misleading.

<u>Information Panel</u>                          <u>Ingredient List</u>



I.   Product Type and Expectations

18.     The fruit form contained in a product – whole, juice, puree, flakes, powder, etc. –

must be appropriate to the product type.

19.     For instance, "real fruit" in the context of a yogurt can realistically refer to whole pieces of fruit, as can cereals.

20.     In the context of a toaster pastry, no reasonable consumer can plausibly allege the Products should contain actual, whole pieces of fruit because (1) the products are shelf-stable and whole unprocessed fruit would cause the products to spoil and (2) it is illogical to expect a flat pastry designed for insertion and heating in a toaster oven to contain round, whole, fresh or irregularly shaped fruit pieces.

21.     While the ingredient list declares the generic names of certain fruits – apples, blueberries, etc. – it is probable they are present in the puree form.

22.     Fruit purée describes "cooked fruits that ha[ve] been ground, pressed, blended or sieved to the consistency of a creamy paste or liquid" and are the appropriate vehicle for providing fruit inclusions in shelf-stable non-refrigerated products like "cookies, breakfast bars, donuts, toaster pastries, and so on."[4]

23.     An image of the Product, at a distance identifying the label and close-up indicate the fruit inclusion is in paste form and matches the textbook description of fruit puree.

 

---

[4] Charlotte Deuel et al., "Strawberries and Raspberries." Ch. 22 in Processing Fruits,  ed. Diane M. Barrett et al. (2004): 531-561 at 554.

24.     A reasonable consumer will expect that the acai berries will be present in the same form in which the other fruit components are present.

II.  Acai is in Different Form

25.     The Products' ingredient list does not declare acai through a generic name, "acai" like apples and strawberries are listed, but through a specific name of the ingredient, "acai powder," the fourth to last ingredient.

26.     Unlike fruit puree, fruit (and acai) powder is made through concentrating and pasteurizing fresh juice, mixing it with a carrier to ensure stable drying and feeding it through a spray dryer.

27.     This substance is pumped through a nozzle into a heated chamber, causing the water to rapidly evaporate, and the powder is collected for use.[5]

28.     Due to the high heat and fast evaporation, antioxidant activity and flavor compounds are significantly diminished.

29.     Given that the ingredient list declares apples, strawberries, blueberries, etc., and uses these ingredients in their puree form, it is deceptive and misleading that the acai component is not present in that form as opposed to a powder.

III. Acai Berries are not present in meaningful amount relevant to other fruit components

30.     The prominence of acai berries gives the impression they will be present in a meaningful amount – a quantity sufficient to impart flavor and other attributes to the Products.

_____

[5] http://www.kanegrade.com/fruit-powders.html

31.     However, acai berries are contained in an amount less than all named (other than on the ingredient list) fruit components – strawberries, blueberries, raspberries – and even *unnamed* components, like apples.

32.     The Products' name, "Wildberry Acai" does not indicate the percentage "acai" contained in the Products.

33.     Although the Products are labeled to contain acai fruit, implying it has the positive attributes consumers expect from this ingredient, the Products are are devoid of such qualities.

34.     The presence of the apple component renders the representations as to the Product name, "Wildberry Acai" misleading in its own right because there is no indication anywhere on the Products, other than the ingredient list, that the entire fruit component does not consist entirely of berries – strawberries, blueberries, raspberries and acai berries.

35.     There are no technological or functional obstacles which would prevent the fruit component from consisting entirely of the four named berries.

36.     The Products' representations are misleading because despite the label claims of acai among the berry mixture they do not contain this component in the amount, type and/or form which a reasonable consumer would expect based on the claims.

37.     The Products contain other representations which are misleading and deceptive.

38.     As a result of the false and misleading labeling, the Products are sold at a premium price – no less than $4.99 per box of six toaster pastries, excluding tax – compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

39.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

40.   Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

41.   This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

42.   Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

43.   A substantial part of events and omissions giving rise to the claims occurred in this District.

<u>Parties</u>

44.   Plaintiff is a citizen of Kings County, New York.

45.   John and Jane Doe plaintiffs are citizens of the other 49 states.

46.   John and Jane Doe are individuals in the other 49 states who have been affected by the conduct alleged here but their true identities are not fully known.

47.   John and Jane Doe may be used in the complaint to refer to representatives of sub-classes of the various states and at such time their identities will be disclosed.

48.   The allegations as related to laws of other states serves as a placeholder upon joinder or amendment.

49.   Defendant is a Wyoming corporation with a principal place of business in the United States in Blaine, Washington, and a subsidiary of Nature's Path Foods, Inc., a Canadian corporation with a principal place of business in Richmond, British Columbia, Canada.

50.   During the class period, plaintiffs purchased one or more Products for personal consumption with the representations described herein, for no less than the price indicated, *supra*,

excluding tax, within their districts and/or states.

51.  Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

52.  Plaintiff would consider purchasing the Products again if there were assurances that the Products' representations were no longer misleading.

<u>Class Allegations</u>

53.  The classes consist of all consumers in the following states:  all, New York, California, who purchased any Products subject to the actionable representations during the statutes of limitation.

54.  A class action is superior to other methods for fair and efficient adjudication.

55.  The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

56.  Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

57.  Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

58.  Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

59.  No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

60.  Individual actions would risk inconsistent results, be repetitive and are impractical

9

to justify, as the claims are modest.

61.     Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

62.     Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350, California Consumers<br>Legal Remedies Act, Civ. Code §§ 1750-1785 ("CLRA")<br>and Consumer Protection Statutes of Other States and Territories</u>

63.     Plaintiff and John and Jane Doe plaintiffs, representing the 49 other states where they reside and purchased the Products, incorporate by reference all preceding paragraphs and assert causes of action under the consumer protection statutes of all 50 states.

a.     Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;

b.     Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;

c.     Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;

d.     California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and  Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et. seq.*;

e.     Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;

f.     Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;

g.     Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;

h.     District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;

i.     Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes*§ 501.201, *et. seq.*;

j.     Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;

k.     Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and

Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;

l.   Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;

m.   Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;

n.   Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;

o.   Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;

p.   Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;

q.   Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;

r.   Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;

s.   Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;

t.   Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;

u.   Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;

v.   Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;

w.   Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;

x.   Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;

y.   Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;

z.   New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;

11

aa.  New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;

bb.  New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;

cc.  New York General Business Law ("GBL") §§ 349 & 350;

dd.  North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;

ee.  Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;

ff.  Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;

gg.  Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

hh.  Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;

ii.  South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;

jj.  South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;

kk.  Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et. seq.*;

ll.  Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;

mm.  Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;

nn.  West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;

oo.  Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*

64.  Named plaintiff asserts causes of action under New York General Business Law ("GBL") §§ 349 & 350.

65.  Jane Doe plaintiff asserts causes of action under the laws of the other 48 states, including under the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785

("CLRA").

66.    Defendant's representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

67.    Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

68.    Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

69.    Jane Doe California plaintiff and members of the California Subclass engaged in transactions as consumers who bought the Products for personal, family, or household consumption.  Cal. Civ. Code § 1761(d)-(e).

70.    In accordance with Civil Code § 1780(a), Jane Doe California Plaintiff will seek injunctive and equitable relief for defendant's violations of the CLRA and an injunction to enjoin defendant from continuing its deceptive advertising and sales practices.

71.    In addition, after mailing appropriate notice and demand in accordance with Civil Code § 1782(a) & (d), Jane Doe California Plaintiff will have mailed or have amended the complaint to include a request for damages.

72.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA.

73.    Defendant violated the GBL, CLRA, et seq., by falsely representing to Plaintiffs that the Products contained its central ingredient in its basic, higher quality form, when it was actually modified and of less value than it actually was.

74.    Pursuant to California Civil Code § 1780(a)(2) and (a)(5), Jane Doe California

13

Plaintiff will seek an order of this Court that includes, but is not limited to, an order requiring Defendant to remove and/or refrain from making representations on the Products' packaging representing that the Products its central ingredient in its basic, higher quality form, when it was actually modified and of less value than it actually was.

75.    Plaintiffs and prospective class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

76.    The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiffs and prospective class members.

77.    Defendant's representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

78.    Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

79.    Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

80.    The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

### Violations of California's False Advertising and Unfair Competition Law
(On Behalf of the California Subclass)

81.    Jane Doe California Plaintiff realleges paragraphs above.

82.    Defendant has falsely advertised the Products by claiming to contain acai in an amount and type different than what is actually contained.

83.    Jane Doe California Plaintiff and other members of the California Subclass suffered injury in fact and have lost money or property as a result of Defendant's violations of California's

14

False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.

84.   Jane Doe California Plaintiff seeks an order requiring Defendant to remove and/or refrain from making representations on the Products' packaging and name that the Products consist of a meaningful amount of acai in the form of the other fruit filling components.

Violations of California's Unfair Competition Law<br>(On Behalf of the California Subclass)

85.   Jane Doe California Plaintiff realleges all paragraphs above.

86.   By committing the acts and practices alleged herein, Defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Jane Doe Plaintiff California Subclass as a whole, by engaging in unlawful, fraudulent, and unfair conduct as a result of its violations of (a) the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9); (b) the FAL, Cal. Bus. & Prof. Code § 17500 et seq.; and (c) the Cal. Bus. & Prof. Code §§ 17580-17581.

87.   Defendant's acts and practices violate the UCL's proscription against fraudulent and unfair conduct.

88.   Defendant's misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers.

89.   Jane Doe California Plaintiff and other members of the California Subclass were deceived regarding the purported acai amount and form in the Products, as Defendant's marketing, advertising, packaging, and labeling of the Products misrepresent and/or omit the true facts concerning the identity, amount, composition and quality of the Products.

90.   Jane Doe California Plaintiff and the other California Subclass members suffered substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or

15

by paying a premium price for the Products.

91.   There is no benefit to consumers or competition by deceptively marketing and labeling the Products.

92.   Pursuant to California Business and Professional Code § 17203, Jane Doe California Plaintiff and the California Subclass seek an order that includes, but is not limited to, requirements that Defendant:

(a) remove and/or refrain from making representations on the Products' packaging representing that the Products contain acai in an amount greater than other fruit components and is contained in the same form as the other fruit components;

(b) provide restitution to Jane Doe California Plaintiff and the other California Class members;

(c) disgorge all revenues obtained as a result of violations of the UCL; and

(d) pay Jane Doe California Plaintiff and the California Subclass' attorney fees and costs.

## Negligent Misrepresentation

93.   Plaintiff incorporates by references all preceding paragraphs.

94.   Defendant misrepresented the substantive, compositional, health, quality and nutritional attributes of the Products' composition.

95.   Defendant had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

96.   This duty is based on defendant's position as an entity which has held itself out as having special knowledge in the production, service and/or sale of the product type.

97.   Defendant negligently misrepresented and/or negligently omitted material facts.

98.   Plaintiff reasonably and justifiably relied on these negligent misrepresentations and

16

omissions, which served to induce and did induce, the purchase of the Products.

99. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

### Breach of Express Warranty and Implied Warranty of Merchantability

100. Plaintiff incorporates by references all preceding paragraphs.

101. Defendant manufactures and sells products which contain almonds.

102. The Products warranted to plaintiff and class members that they possessed substantive, functional, nutritional, compositional, organoleptic, sensory, physical and other attributes which they did not.

103. Plaintiff desired to purchase products which were as described by defendant – made with a meaningful amount of acai component.

104. Defendant sells toaster pastries with acai represented as a predominant, or at the least, non-insignificantly represented ingredient.

105. Defendant had a duty to disclose and/or provide a non-deceptive description of the Products and knew or should have known same were false or misleading.

106. This duty is based, in part, on defendant's position as a company that has consistently promoted the presence of health-centered and unique ingredients like acai.

107. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

108. The Products were not merchantable in their final sale form.

109. Plaintiff and class members relied on defendant's claims, paying more than they would have.

17

Fraud

110.   Plaintiff incorporates by references all preceding paragraphs.

111.   Defendant's purpose was to mislead consumers who seek products which feature "real" ingredients – "real" referring to the ingredient in its least modified form such that it can be incorporated into a final product.

112.   Defendant's intent was to secure economic advantage in the marketplace against competitors.

113.   Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

Unjust Enrichment

114.   Plaintiff incorporates by references all preceding paragraphs.

115.   Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

 **WHEREFORE,** plaintiff prays for judgment:

1.   Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2.   Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3.   Injunctive relief for members of the New York Subclass pursuant to GBL §§ 349 and 350,

18

without limitation;

4. An award of restitution pursuant to California Business and Professions Code §§ 17203 and 17535 for Jane Doe California Plaintiff and members of the California Subclass;

5. An award of disgorgement pursuant to California Business and Professions Code §§ 17203 and 17535 for Jane Doe California Plaintiff members of the California Subclass;

6. An order enjoining Defendant, pursuant to California Business and Professions Code §§ 17203 and 17535, to remove and/or refrain from using representations on Defendant's Products described here;

7. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law, GBL, CLRA and other statutory claims;

8. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

9. Such other and further relief as the Court deems just and proper.

Dated:   May 1, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

19

1:19-cv-02584
United States District Court
Eastern District of New York

Danielle Louis individually and on behalf of all others similarly situated

Plaintiff

- against -

Nature's Path Foods USA Inc.

Defendant

# Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  May 1, 2019

/s/ Spencer Sheehan
Spencer Sheehan